# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**JARVEY JACOBS, JR.,**

      **Plaintiff,**

**v.**                                                **Case No. 3:12cv302/MCR/CJK**

**I. WATSON,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court upon defendant's motion to dismiss. (Doc. 26). Plaintiff has responded in opposition to the motion. (Doc. 35). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the Court concludes that defendant's motion should be granted and this case dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Suwanee Correctional Institution. (Doc. 39). Plaintiff was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to this lawsuit. On January 8, 2013, plaintiff filed an amended complaint under 42 U.S.C. § 1983,

naming one defendant:  I. Watson, a correctional officer at Santa Rosa CI.  (Doc. 9, pp. 1-2).  Plaintiff sues Watson in his individual capacity, claiming Watson violated his rights under the Eighth Amendment in May of 2012, when Watson failed to protect plaintiff from an assault by plaintiff's cellmate.  As relief, plaintiff seeks monetary damages.  (*Id.*, p. 10).

Defendant Watson moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff's allegations fail to state a plausible claim of deliberate indifference.  (Doc. 26).  Plaintiff responds by essentially repeating the allegations of his amended complaint and arguing that they sufficiently plead an Eighth Amendment claim of deliberate indifference. (Doc. 35).[1]

## DISCUSSION

### A.     Rule 12(b)(6) Standard

In considering a motion to dismiss filed under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss

---

[1] The Court will not consider the exhibits attached to plaintiff's response, as the Court's review on a motion to dismiss for failure to state a claim is confined to the four corners of the complaint and attachments thereto.  *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) ("'[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.").

standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

B.    Allegations of Plaintiff's Amended Complaint

Plaintiff alleges that on May 30, 2012, he was housed in Cell D3207, in Wing 3 of D dormitory, at Santa Rosa CI. (Doc. 9, p. 7). That morning, between approximately 8:10 a.m., and 9:00 a.m., plaintiff stopped defendant Watson while Watson was making his security rounds. (*Id*. ¶ 3). Plaintiff informed Watson that he was not getting along with his cellmate, who was at the recreation yard. (*Id*.). Specifically, plaintiff alleges that he "stated to Ofc. Watson that he was not getting along with his cellmate and that he was in fear for his safety and to please move the cellmate to another cell for safety reasons." (*Id*.). Defendant Watson responded, "I'm not moving anyone, ya'll gonna have to learn to get along", and walked away. (*Id*.). Plaintiff states that "throughout the day plaintiff attempted to stop Ofc. Watson only to be ignored." (*Id*. ¶ 7). The following morning, May 31, 2012, plaintiff's cellmate sexually assaulted plaintiff by "forcing plaintiff to engage in unwanted anal penetration." (*Id*., pp. 7-8 ¶ 4). Plaintiff was examined by the sexual assault response team and photographs of his injuries were taken. (*Id*. p. 9 ¶ 10). Plaintiff states that as a result of the sexual assault, he sustained injury to his anus, experienced pain in his rectum and endured (and still endures) psychological suffering. (*Id*., p. 9 ¶¶ 10, 12).

C.    Elements of an Eighth Amendment Deliberate Indifference Claim

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128

L. Ed. 2d 811 (1994) (citations omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  *Farmer,* 511 U.S. at 834, 114 S. Ct. at 1977.  Liability under the Eighth Amendment for failing to prevent an attack from another inmate requires that a correctional official be found to have known and recklessly disregarded "an excessive risk to inmate health or safety."  *Id.*, 511 U.S. at 837, 114 S.Ct. at 1979.  The risk "must be an objectively substantial risk of serious harm," *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (*citing Farmer*, 511 U.S. at 834, 844-45), one that is beyond mere possibility, *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm." *See Brown*, 894 F.2d at 1537 (holding that defendants informed of "racial problem" in victim's cell not liable).

With regard to the required state of mind, "there must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (*quoting Wright v. El Paso Cnty. Jail,* 642 F.2d 134, 136 (5th Cir. 1981)).  The official must be subjectively aware of the risk, *Cottone*, 326 F.3d at 1358 (*citing Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001)), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Farmer*, 511 U.S. at 842-43, 114 S. Ct. at 1981.  A

mere negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).

A viable complaint must also show that the prison official responded to the risk in an objectively unreasonable manner. *Cottone*, 326 F.3d at 1358 (*citing Farmer*, 511 U.S. at 834, 844-45); *Marsh*, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk."). The officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S. Ct. at 1982-83. Finally, a plaintiff must show that the constitutional violation caused the injury. *Cottone*, 326 F.3d at 1359 (*citing Marsh*, 268 F.3d at 1028).

D.      Application of the Law to Plaintiff's Allegations

Plaintiff claims defendant Watson should have known that leaving plaintiff in the cell with his cellmate exposed plaintiff to serious risk of injury because plaintiff voiced fear of his cellmate and that they were not getting along, and Watson knew that another inmate had been raped by a cellmate (a different cellmate) two months earlier. Though Watson's failure to move plaintiff (or his cellmate) to a different cell purportedly led to an unfortunate incident, plaintiff's allegations fail to establish that defendant Watson had subjective knowledge that plaintiff could be seriously harmed.

There are no allegations, for example, that plaintiff alerted defendant Watson about a specific threat of assault from plaintiff's cellmate or that defendant Watson knew of prior attacks by plaintiff's cellmate. *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference.") (internal quotation marks omitted). Based on plaintiff's allegations, defendant Watson's decision to leave plaintiff and his cellmate in the same cell may have been negligent, but it was not deliberately indifferent. *See Farmer*, 511 U.S. at 838 ("But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as [a constitutional violation]."); *see also Carter v. Galloway*, 352 F.3d 1346, 1349 ((11th Cir. 2003) (holding that although defendant correctional officers knew plaintiff's cellmate was a "problem inmate" and was prone to violence, "before Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [the cellmate's] generally problematic nature."); *see also, e.g., Gooden v. Mormon*, , — F. App'x —, 2013 WL 3940054, at *2 (11th Cir. July 31, 2013) (holding that prison official's decision to leave prisoner handcuffed and unsupervised for nearly five minutes in cell during which he was sexually assaulted by another inmate was not deliberately indifferent to a risk of serious harm to the prisoner as required to state a claim for violation of Eighth Amendment, since official did not have subjective knowledge that prisoner could be seriously harmed, as prisoner had not alerted official about specific threat from any inmates and did not allege that official knew of prior attacks by those inmates).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff fails to state a plausible claim of deliberate indifference under the Eighth Amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to dismiss (doc. 26) be GRANTED.

2. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 6th day of September, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).